### 9372

PARHAM-THOMAS-McSWAIN, INC., v. ATLANTIC LIFE
INS. CO.

(88 S. E. 470.)

1. INSURANCE—AGENCY—CANCELLATION OF CONTRACT—PLEADING.—In an action for damages for the fraudulent cancellation by defendant insurance company of plaintiff's agency contract plaintiff's allegations that he had been induced to surrender a letter containing modifications of the original contract with regard to its termination in furtherance of a scheme and purpose on the part of the defendant to render the stock of the corporation which plaintiff had formed to conduct the agency business valueless and to injure the plaintiff, were allegations of fraud and the gist of the plaintiff's action, and it was error to strike them out of the complaint.

2. EVIDENCE—PAROL EVIDENCE—CONTRACTS.—In a case of fraud, the rules of evidence making the writing conclusive evidence as to the terms of a contract are not strictly applied.

Before Moore, J., Columbia, May, 1915.    Reversed.

Action    by    Parham-Thomas-McSwain,    Incorporated, against the Atlantic Life Insurance Company.    From judgment for the defendant, plaintiff appeals.

· *Mr. D. W. Robinson,* for appellant, submits: *"It is a well settled rule that all of the facts constituting the alleged fraud*

---

FOOTNOTE.—Admissibility of parol evidence of false representations in contradiction of recitals of bill of sale, see 19 A. & E. Ann. Cas. 546. Fraud as an exception to rule excluding parol evidence to vary written contract, see notes in 6 L. R. A. 45, 46 and 838, 17 L. R. A. 427.

*must be set out in the complaint. 'It is not necessary that the pleadings allege fraud in direct terms; the charge may be sufficiently made by stating the facts from which fraud is necessarily implied.'* ” 96 S. C., 241-2; 9 Enc. Pl. & Pr., 695. *And that a defendant cannot complain of a complaint containing a statement of evidence to prove facts:* 97 S. C. 418. *Only one cause of action alleged:* 50 S. C. 68; 72 S. C. 215, 216. *Parol evidence competent, after notice to produce paper in defendant's possession:* 1 Greenleaf, Ev. (16 ed.), secs. 563c, 561; Jones, Ev. (2d ed.), sec. 218. *Where a contract has already been executed and the consideration passed, as in this case, it constitutes no consideration for a new promise and there must be a new consideration:* Note to 12 L. R. A. (O. S.) 463-4; 52 S. C. 317; 45 S. C. 500-1; 44 L. R. A. (N. S.) 482, and cases in note; 32 S. C. 242; 71 S. C. 149; 6 Ruling Case Law 649-50; 81 U. S. 570. *There was certainly no perfect (or imperfect) moral obligation which Mr. Parham was performing in sending in this paper:* 78 S. C. 411; 39 S. C. 333. *Nor is there anything in the letter of September 30th showing any mutuality in or for the surrender of this contract:* 68 S. C. 221, 235; see note to 12 L. R. A. (O. S.) 463. *It is not necessary to plead want of consideration in order to introduce evidence thereof:* 47 S. C. 183. *Where a paper is offered in evidence any party may attack it for fraud and misrepresentation without having plead it, and in a law cause as well as an equity case:* 85 S. C. 130-1; 71 S. C. 152; 45 S. C. 502-3; Jones on Evidence (2d ed.), sec. 435 (440); Greenleaf on Evidence (16th ed.), sec. 284; 151 N. C. 393; 31 L. R. A. (N. S.) 910, and note. *It was a question which should have been submitted to the jury as to whether or not the surrender of the paper was procured by fraud:* 78 S. C. 423; 10 S. C. 451. *As to mistake:* See Jones, Ev. (2d ed.), sec. 437 (442); 74 S. C. 505, 508; 77 S. C. 361. *Courts will disregard or correct obvious mistakes in writing and grammar:* 68 S. E. 916; 153 N. C. 62; Clark on Contr. (2d ed.) 218-19; 71 S. C. 255, 257;

100 S. C. 264. *Parol evidence is competent to prove* (1) *Want of consideration:* (2) *fraud;* (3) *mistake:* 64 S. C. 365; 68 S. C. 110; 1st Greenl. on Ev. (16th ed.) 284; Jones on Ev. (2d ed.), sec. 435 (440); sec. 437 (442); 468 (475); 27 L. R. A. (N. S.) 308. *Representations as to permanency of agency:* 101 S. C. 380. *The statute of frauds has no application where one of the parties has entered upon the performance of his contract relying upon the other party to perform his:* 57 S. C. 567-8; 175 Fed. 756; 99 C. C. A. 336; 149 U. S. 497; 37 L. Ed. 826; 63 S. C. 558; 210 Fed. 725; 128 C. C. A. 227, 228. *Essentials of estoppel are:* (1) *A false representation or concealment of facts;* (2) *such representation must have been made with the knowledge of the facts;* (3) *the party to whom the representation was made, must have been ignorant of the truth of the matter;* (4) *the representation must have been made with the intention that the other party act upon it; and* (5) *the other party must have been induced to act upon it, some authorities add, to his detriment:* 42 S. C. 351; Bigelow on Estoppel (3d ed.) 434; 67 S. C. 449; 86 S. E. 691; 102 S. C. 323; 102 S. C. 366; 86 S. E. 773; 96 S. C. 397; 95 S. C. 333, 338, 339; 81 S. C. 329; 93 S. C. 190; 27 S. C. 235; 84 S. C. 426; 195 Fed. 382; 115 C. C. A. 287, 288; 210 Fed. 725; 128 C. C. A. 227, 228. *Interpretation by parties:* 96 S. C. 397; 102 S. C. 323; 195 Fed. 382; 115 C. C. A. 287, 288; 210 Fed. 725; 128 C. C. A. 227, 228; 122 U. S. 131; 30 L. Ed. 1114; 124 U. S. 508; 3 L. Ed. 526; 101 S. C. 273; 2 Page on Contr., sec. 1126; 81 S. C. 12; 100 S. C. 910; 81 S. C. 10. *Estoppel in legal actions:* 95 S. C. 333, 338, 339; 81 S. C. 329; 93 S. C. 190; 27 S. C. 235; 84 S. C. 426. *Nonsuit cannot be predicated on defendant's evidence:* 68 S. C. 10; 26 S. C. 264. *Rules governing nonsuits:* 102 S. C. 74; 82 S. C. 175, 177. *Contract to be construed according to the South Carolina law:* 167 U. S. 160, 161; 46 S. C. 545; 37 S. C. 410, 411; 38 S. C. 325; Civil Code, secs. 2671, 2672; 84 S. C. 256; 84 S. C. 213.

*Mr. J. B. S. Lyles,* for respondent, cites: *As duty of Court to construe letters, etc.:* 17 S. C. 478; 19 S. C. 121-124; 24 S. C. 493-497. *Effect of written contract:* 46 S. C. 220, 227, 228; 102 S. C. 129. *Parol evidence inadmissible:* 69 S. C. 93, 100; 27 S. C. 380; 46 S. C. 372, 411; 24 S. C. 128. *Statute of frauds:* 57 S. C. 149; 60 S. C. 375. *Estoppel:* 96 U. S. (6 Otto) 544. *Amendment of answer:* 61 S. C. 399; 28 S. C. 172. *Practice on motion for nonsuit:* 26 S. C. 264; 60 S. C. 10.

April 5, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for damages for a fraudulent cancellation of a contract.

The plaintiff claims (only essentials stated) : That E. J. Parham entered into a contract of agency with the defendant. That the contract was made up of two papers, to wit, an original contract and a letter bearing the same date. That the letter contained modifications of the contract. The original provided that it might be terminated at any time, by either party, on 30 days' notice. Among these modifications, there was a provision that the contract should continue as long as Parham secured $250,000 of new insurance per year. It also provided for 5 per cent. additional commissions. That Parham, under an agreement with the defendant, associated with him, Thomas and McSwain and incorporated the agency with a capital stock of $10,000, for the purpose of conducting the agency for the defendant. That the plaintiff, still under the advice of the defendant, bought out the shares of Thomas at the price of $5,000. That Dr. Smith, superintendent of agencies of the defendant, met Parham and told him that the defendant was dissatisfied with that 5 per cent. modification and advised him to write to the defendant, as if on his own motion, offering to surrender the 5 per cent. commission,

and agree to a destruction of the original letter of modification and a substitution of a new letter of modification in which the 5 per cent. commissions was omitted. That Dr. Smith told Parham that was a discrimination against other similar agencies and embarrassing to the defendant. That the plaintiff wrote the letter as suggested, and a new letter of modification was substituted. That this new letter not only omitted the 5 per cent. commissions, but also the provision for the continuance of the agency, and left the original contract in full force with its provision for a termination of the agency upon 30 days' notice. This letter was written in September. Soon thereafter the defendant gave the 30-day notice of a termination of the agency and turned the agency over to Mr. Thomas, although the plaintiff had furnished more than $250,000 of new insurance. That all of this was done "in furtherance of a scheme and purpose on the part of the defendant to render the said stock valueless and to injure the plaintiff." On motion of the defendant, the presiding Judge struck out of the complaint paragraphs 7, 8, and 9. These were the allegations of the scheme and purpose to render the stock valueless and injure the plaintiff. These were allegations of fraud. The allegation of an intent to hinder, delay, or defeat, is an allegation of fraud.

The plaintiff's whole case depended on fraud. Without it the plaintiff was confronted with a contract in writing which allowed either party to terminate the contract on 30 days' notice, and the strict rules of evidence made the writing conclusive evidence as to the terms of the contract. In case of fraud, the rules are flexible. It is necessary to fix the issues before a cause can be tried. The allegation of fraud constituted the gist of plaintiff's cause of action, and it was error to strike out these allegations.

The exceptions that raise this question are sustained. The trial being had on the wrong issue, the other questions do not arise.

The judgment is reversed, and the case is remanded for a new trial.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and GAGE concur in the opinion of the Court.

MR. JUSTICE HYDRICK, *dissenting.* I concur in the rulings and orders of the Circuit Court for the reasons stated by the trial Judge. ·